IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, THE FOX VALLEY LABORERS' PENSION FUND, and PAT SHALES, Administrator of the Funds, | )<br>)<br>)<br>) |
| Plaintiffs, | )  Case No.:  18-cv-8526<br>) |
| v. | )<br>) |
| FOX EXCAVATING, INC. | )<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs FOX VALLEY LABORERS' HEALTH AND WELFARE FUND ("Welfare Fund"), THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), and PAT SHALES, administrator of the Funds, through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, by way of their complaint against Defendant, FOX EXCAVATING, INC., an Illinois corporation, state as follows:

**The Parties, Jurisdiction, and Venue**

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(3) and (37A). The Funds maintain offices and conduct business within the district. The Funds are agents for the purpose of collecting employer contributions and deductions required to be paid on behalf of the, the Apprenticeship Fund, the CAICA Fund, the Laborers' District Council Labor Management Cooperation Committee ("LMCC"), the Laborers-Employers Cooperation and Education Trust ("LECET"), and the Construction and

General Laborers' District Council of Chicago and Vicinity's Work Dues Fund ("Dues Fund"), (collectively, the "Affiliated Organizations").

2. Defendant FOX EXCAVATING, INC. ("Fox" or "Defendant Company"), is an Illinois corporation that does business within this District and is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(2).

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. § 1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. § 185 (a) and (c).

4. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

## COUNT I:
## FAILURE TO PAY EMPLOYEE BENEFIT CONTRIBUTIONS, FAILURE TO REMIT EMPLOYEE WAGE DEDUCTIONS, AND FAILURE TO PAY INDUSTRY FUND CONTRIBUTIONS FOR THE MONTHS OF APRIL 1, 2014 THROUGH JANUARY 31, 2018

5. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 4 above, as if fully stated herein.

6. The District Council and Defendant Company have, at all relevant times, been parties to successive collective bargaining agreements ("Agreement"). The Agreement obligates Defendant Company to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health, welfare, and pension benefits, in proportion to the number of hours worked by those employees.

7. The Agreement further requires Defendant Company to make contributions to the Affiliated Organizations on behalf of its employees covered by the Agreement in proportion to the number of hours worked by those employees, and to provide reports stating the amount of contributions it owes.

8. The Agreement further requires Defendant Company to deduct union dues from the wages earned by its employees covered by the Agreement and to remit those dues to the District Council for the Dues Fund, and to provide reports stating the amount of union dues it must deduct and remit.

9. The Affiliated Organizations have a common interest with the Funds in that they all work for the benefit of their mutual members and participants. The Affiliated Organizations have authorized the Funds to collect amounts owed by Defendant Company to them.

10. Pursuant to the Agreement, Employers who fail to report and/or remit contributions to the Pension, Welfare, Apprenticeship, and CAICA Funds are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

11. Pursuant to the Agreement, Employers who fail to report and/or remit contributions to the LMCC, LECET, and Dues Funds are liable to pay an additional 10% in liquidated damages, and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

12. The Funds' auditors conducted an audit of Defendant Company for the period covering April 1, 2014 through January 31, 2018 ("Audit Period").

13. Defendant Company employed individuals covered by the Agreement during the entire Audit Period.

14. Notwithstanding its obligations under the Agreement, the Defendant Company failed to report and remit all contributions owed to the Funds during the Audit Period, as revealed through the Audit Report attached hereto as Exhibit A.

15. Defendant Company submitted disputes to the Funds regarding three employees included in the Audit Report, and the Funds accepted a dispute regarding one employee, Jaime Delgado, and denied the remaining two disputes based on absence of documentation substantiating Defendant Company's claim that the two other employees are not covered by the Agreement.

16. The Funds reduced the findings in the Audit Report by the amount attributable to Jaime Delgaldo, and demanded that the Defendant Company pay the remaining amount, as demonstrated in the September 18, 2018 letter from the Fund to Defendant Company attached hereto as Exhibit B.

17. Despite demand duly made, Defendant Company has not remitted the contributions and other amounts that are due and owing for the Audit Period.

18. Based on the failure to timely report and remit all contributions owed during the Audit Period, Defendant Company owes principle contributions, as stated in the reports, plus Welfare, Pension, Apprenticeship, and CAICA Funds liquidated damages at 20%, LMCC, LECET, and Dues Funds liquidated damages at 10% interest.

19. Defendant Company's failure to submit contributions to the Funds and Affiliated Organizations violates ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301, 29 U.S.C. § 185.

20. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' Trust Agreements, Defendant Company is liable to the Pension, Welfare, Apprenticeship, and CAICA Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs.

21. Under the terms of the Agreement, Defendant Company is liable to the LMCC, LECET, and Dues Funds for unpaid contributions, interest, liquidated damages in the amount of 10%, audit fees, and reasonable attorneys' fees and court costs.

22. Accordingly, Defendant Company is now liable to the Funds in the amount of $8,049.67, plus attorneys' fees and court costs, based on its failure to remit all contributions owed during the Audit Period, as demonstrated in the Audit Report and in the chart below:

| Fox Excavating Audit<br>(April, 1 2014 – Jan. 31, 2018) | Amount |
|---|---|
| Welfare | $2,733.06 |
| Pension | $2,345.84 |
| Apprenticeship | $101.50 |
| CAICA | $16.24 |
| LMCC | $32.51 |
| LECET | $14.21 |
| Dues | $280.59 |
| (Less J. Delgado contributions (Pen./Welf./Appr./CAICA) | ($2,321.44) |
| (Less contributions for J. Delgado (Affiliated Funds.)) | ($181.66) |
| **Subtotal** | **$3,020.85** |
| 20% Liquidated Damages | $575.04 |
| 10% Liquidated Damages | $14.57 |
| Interest | $2,825.58 |
| Audit Fees | $1,613.63 |
| **TOTAL DELINQUENCY:** | **$8,049.67** |

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against Fox Excavating, Inc. as follows:

1. Finding that Fox Excavating, Inc. violated the Agreement;

2. Finding that Fox Excavating, Inc. is liable to the Funds and the Affiliated Organizations for principal contributions for the period of April 1, 2014 through January 31, 2018 revealed through an audit, in the amount of $8,049.67, including interest and liquidated damages and audit fees, and is also liable to the Funds and Affiliated Organizations for attorneys' fees, and court costs;

3. Ordering Fox Excavating, Inc. to pay the Funds $8,049.67 for delinquent contributions, interest, liquidated damages and audit fees from April 1, 2014 through January 31, 2018.

4. Ordering Fox Excavating, Inc. to pay to the Funds all reasonable attorneys' fees and costs incurred prior to and through the filing of this suit;

5. Entering judgment against Fox Excavating, Inc. in the amount of principal contributions owed for the period of April 1, 2014 through January 31, 2018, plus interest, liquidated damages and audit fees, in the total amount of $8,049.67, plus costs and attorneys' fees incurred in connection with the Funds efforts to recover this money; and

6. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Elizabeth L. Rowe
Elizabeth L. Rowe
One of Plaintiffs' Attorneys

Josiah A. Groff (#6289628)
Elizabeth L. Rowe (#6316967)
DOWD, BLOCH, BENNETT, CERVONE,
AUERBACH & YOKICH
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361